UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Weslie Martin,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Brian Williams, et al.,<br><br>　　　　　Defendants | Case No.: 2:19-cv-01815-JAD-BNW<br><br>**Order Dismissing Action**<br><br>[ECF No. 10] |

　　　Plaintiff Weslie Martin brings this civil-rights case under § 1983 for events he alleges occurred during his incarceration at High Desert State Prison.[1] On September 29, 2020, the magistrate judge ordered Martin to file an updated address with the court by October 28, 2020.[2] The magistrate judge expressly warned him that his failure to timely comply with the order would result in the dismissal of this case.[3] The deadline has passed, and Martin has not filed an updated address.

　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[5] In determining whether to

---

[1] ECF No. 1-1 (complaint).

[2] ECF No. 11 (order).

[3] *Id.*

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

 I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[8] Martin was warned that his case would be dismissed without prejudice if he failed to update his address by October 28, 2020.[9] So, Martin had adequate warning that his failure to update his address would result in this case's dismissal.

///
///
///
///
///

---

1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[9] ECF No. 11 (order).

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice based on Martin's failure to file an updated address in compliance with this court's September 29, 2020, order.

IT IS FURTHER ORDERED that the Motion for leave to proceed in forma pauperis **[ECF No. 10] is DENIED** as moot; and

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: November 12, 2020