UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Weslie Martin,<br><br>    Plaintiff<br><br>v.<br><br>Brian Williams, et al.,<br><br>    Defendants | Case No.: 2:19-cv-01815-JAD-BNW<br><br>**Order Screening<br>First Amended Complaint<br>and Dismissing Case**<br><br>[ECF No. 18] |

Pro se plaintiff Weslie Martin brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth Amendment, Fourteenth Amendment, and state-law rights were violated during his incarceration at Nevada's High Desert State Prison (HDSP). I screened Martin's original complaint and found he had not pled any constitutional violations, so I dismissed with leave to amend his Eighth Amendment claims for inadequate food, deliberate indifference to serious medical needs, and unsafe prison conditions, and Fourteenth Amendment claim for denial of access to the grievance procedure.[1] I dismissed Martin's state-law claims without prejudice to his ability to refile those claims in state court.

Because Martin applies to proceed *in forma pauperis*,[2] I screen his First Amended complaint under 28 U.S.C. § 1915A. Based on the financial information provided, I find that he is unable to prepay the full filing fee in this matter, so I grant his application. However, Martin's First Amended Complaint is, in all material respects, an identical photocopy of his original complaint, so I dismiss it with prejudice for failure to state a claim.

---

[1] ECN No. 16 at 15.
[2] ECF No. 10.

## I. Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[3] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[4] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[5]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[6] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[7] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[8] but a plaintiff must provide more than mere labels and conclusions.[9] "While legal conclusions can provide the framework of a

---

[3] *See* 28 U.S.C. § 1915A(a).

[4] *See* 28 U.S.C. § 1915A(b)(1)(2).

[5] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[6] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[7] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[8] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

complaint, they must be supported with factual allegations."[10] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

## II. Screening of First Amended Complaint

Because Martin has alleged, by means of a photocopier, the identical facts in his First Amended Complaint that he alleged in his original complaint,[12] I do not repeat my summary of his allegations that I recited in my December 14, 2020, screening order.[13] The only new information relevant to this second screening is that the allegations of Martin's First Amended Complaint are identical to those in his original complaint. The same is true of my discussion of the relevant legal standards governing Martin's claims and the deficiencies in those claims—they don't change because his allegations didn't.[14]

I provided Martin an opportunity to correct the deficiencies in his claims. I did so after identifying both the relevant legal standards governing Martin's claims and identifying the deficiencies of his claims. Martin has not corrected the deficiencies but has instead repeated them by photocopying his allegations. Because I find that further leave to amend would be futile, I dismiss the First Amended Complaint with prejudice for failure to state a claim.

---

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[11] *Id*.

[12] The only differences between the First Amended Complaint and the original complaint are: (1) the first page, which Martin has re-written to add the words "First Amended" to the caption, and (2) the last page, which has a new date and signature, and in which Martin asserts a single demand for compensation of $15 billion dollars, rather than separate demands of $5 billion compensation for each of his three claims. All other pages of the complaint are photocopies of the original complaint.

[13] *See* ECF No. 16 at 4–6.

[14] *See* ECF No. 16 at 7–12.

**Conclusion**

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* **[ECF No. 10] is GRANTED**. This status doesn't relieve plaintiff of his obligation to pay the full filing fee under 28 U.S.C. § 1915, as amended; it just means that he can do it in installments. The full $350 filing fee will remain due and owing even though this case is being dismissed.

In order to ensure that the plaintiff pays the full filing fee, IT IS FURTHER ORDERED that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Weslie Martin, #1157084** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to SEND a copy of this order (1) to the Finance Division of the Clerk's Office and (2) to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that the First Amended Complaint [ECF No. 18] is the operative complaint. The Clerk of the Court is directed to **SEND** a courtesy copy to Martin.

IT IS FURTHER ORDERED that the First Amended Complaint **[ECF No. 18] is DISMISSED with prejudice** for failure to state a claim.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

I also certify that any *in forma pauperis* appeal from this order would not be taken "in good faith" as contemplated by 28 U.S.C. § 1915(a)(3).

_____
U.S. District Judge Jennifer A. Dorsey
August 25, 2021